| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>MILSTEAD & ASSOCIATES, LLC<br>By: Andrew M. Lubin<br>Atty. ID: AL0814<br>1 E. Stow Road<br>Marlton, NJ 08053<br>(856) 482-1400<br>File No. 200596-3<br>Attorneys for Movant: Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates,WMALT Series 2007-OC1 | Order Filed on April 12, 2017 by<br>Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Gaetano M. DiMatteo and Kelly A. DiMatteo | Case No.: 15-23470-JNP<br>Chapter 13<br><br>Hearing Date: March 28, 2017<br>Time: 10:00 AM<br><br>Judge: Jerrold N Poslusny, Jr |

### ORDER RESOLVING
### MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

**DATED: April 12, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the motion of Milstead & Associates, LLC, Attorneys for the Secured Creditor, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the Washington Mutual Mortgage Pass-Through Certificates,WMALT Series 2007-OC1 ("Mortgagee"), under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as set forth in the motion papers and the within Order, and the parties, by and through their respective counsel, Daniel McCormack, Esquire, for the Debtors, and for good cause shown, it is ORDERED as follows:

1. The automatic stay as provided for by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on real property owned by Debtors known as and located at 1129 Jefferson Avenue, Bellmawr, NJ 08031 (the "Property").

3. The parties acknowledge that Debtors have been offered a trial modification plan and Debtors are responsible for trial period payments of $1,114.22, scheduled to begin on, March 1, 2017 and continue through and including May 1, 2017.

4. In the event that the Debtors fail to make timely trial modification payments, Mortgagee may obtain an Order Vacating the Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating that the Debtors have failed to make timely trial modification payments

5. In the event that Debtors should fail to have a permanent loan modification approved by the Court, or should thereafter default on terms of a modified loan, Secured Creditor may send Debtors and Debtors' counsel a written notice of default of this Order. If the default is not cured within ten days of the date of such notice, Mortgagee may obtain an Order Vacating the

Automatic Stay as to Real Property by submitting a Certification of Default to the Court indicating any such payment(s) more than thirty (30) days in default. In the event that a notice of default is forwarded, it is agreed that acceptance of partial payment by the Secured Creditor shall not constitute a satisfaction or waiver of the notice of default, and that the Secured Creditor may file a Certification of Default absent a full cure. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtors, and Debtors' counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

6. Should Debtors' regular monthly payment amount change, Debtor shall be notified of such change by Mortgagee, and the monthly payment amount due under the terms of this Order shall change accordingly.

7. A copy of any Certification of Default and the proposed order must be served upon the Trustee, Debtors, and Debtors' counsel at the time of submission to the Court. A certificate of service shall be filed by counsel for Mortgagee evidencing same.

8. In the event the instant bankruptcy case is converted to a case under Chapter 7, Debtors shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten (10) day period, such failure shall be deemed a default under the terms of this Order and Mortgagee may send Debtor and Debtors' counsel a written notice of default. If the default is not cured within ten (10) days from the date of said notice, counsel for Mortgagee may file a Certification of Default with the Court, upon notice to the trustee, Debtors, and Debtor's counsel, and the Court shall enter an Order granting relief from the Automatic Stay as to the Property.